Supervisor of highways—certificates for road tax—demurrer.

An action will lie against a supervisor of highways, who maliciously refuses
    to give a certificate to one who has wrought out a road tax on the road, un-
    der the statute.
The supervisor for the time being is bound to give such certificates, when sat-
    isfied the work has been done, whether in office when the work was done, or
    he has come in since.

ERROR to the Common Pleas. The plaintiffs declare against the
defendant, a supervisor of highways, for that the plaintiffs having
worked out a road tax, had demanded their certificate from the de-
fendant for the county treasurer, according to law, but that the de-
fendant maliciously refused to give them one. To this there was a
general demurrer, which was sustained by the Court of Common
Pleas. To reverse this, the present writ of error is prosecuted.

*S. J. Andrews*, for the plaintiff in error, cited 23 *O. S.* 23, 4.

*Case*, contra, cited 22 *O. L.* 312, 315, 316.

BY THE COURT. The law imposes it as a duty upon the Super-
visor to give a certificate for road taxes wrought out upon the roads;
23 *O. L.* 23. To refuse such certificate to one entitled, may sub-
ject the party to loss, and if a supervisor so refuses maliciously, an
action lies against him. The case in the declaration substantially
shows this state of things. It is said the supervisor in office at the
time the labor is done must give the certificate. We think it the
duty of the supervisor for the time being to give the certificate,
when he is satisfied the work has been done, whether it was done
after he came into office or before. The necessity for it is the same
in either case, and if the supervisor maliciously refuse the certificate
he is liable. It is averred in the declaration, that the defendant
knew the work was done; this the demurrer admits. We think,
therefore, the Court of Common Pleas erred in sustaining the de-
murrer, and for that error reverse their judgment, with costs.

[Personal liability of supervisor for wilful refusal of certificate ;
*Dunlap v. Knapp*, 14 *O. L.* 64, 72.]
    88